JUL 25 2007

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District | District: Northern District of Iowa |
|---|---|
| Name: Mr. Jan F. Becker | Prisoner No. #A399-713 — Case No. C07-4058LRR |

Place of Confinement: MANSFIELD CORRECTIONAL INSTITUTION SECRET UNITED WAY DEATH GULAG #3

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Mr. Jan F. Becker, pro se Political Prisoner #A399-713 of the United Way Conspiracy to Invade Iraq Pelosi Cover-up. | v. | Hodson, G.W. Bush, A. Gonzales, Craig Morford, Paul McNulty, Ellen Stark, Cindy Lewis, Ralph Harr, Steve King, Bruce Braley, Chester J. Culver, Tom Miller, Mike Mauro, Chuck Grassley, Tom Harkin, Robert Garrison, Susan Voss, Tom Gronstal, David Loebsack, Leonard Boswell, Tom Latham, Tom Vilsack, Judy Whetstine, Zack Space, Betty Sutton, Hugh Quill, Richard Hickman, Deborah Archie, Lee Fisher, Teddy Strickland, et al. |

The Attorney General of the State of: Ohio; Marc Dann, J. Petro, B. Montgomery, Lee Fisher

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Millersburg, Ohio Holmes County United Way Court of Common Pleas & Iraqi Invasions

2. Date of judgment of conviction Feb. 2nd by Church of Christ FEMA Judge White.

3. Length of sentence 3 life sentences for United Way, or until kill-for-hire plot enlisting inmates was ordered by President Bush.

4. Nature of offense involved (all counts) GSI, rape, suing United Way for kidnapping children in 1993 RICO court conspiracy to obtain 170 acre family farm by false-imprisonment and foreclosure; using SECRET TRIBUNALS during G.H.W. Bush presidential cover-up of Aramony/New Era Scandals.

5. What was your plea? (Check one)
   - (a) Not guilty ■
   - (b) Guilty ☐
   - (c) Nolo contendere ☐

   Note: Charges were fabricated by a United Way Victims Advocate working for prosecutor.

   If you entered a guilty pleas to one count or indictment, and a not guilty plea to another count or indictment, give details: Petitioner has no idea what United Way court-appointed attorneys, judges, and prosecutors convicted him of in 1993 SECRET TRIBUNALS.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ■
   - (b) Judge only ☐

   Note: Judge entered jury room to threaten jury, juror #4 was police informant planted to control jury and summon judge, who ordered United Way Counseling for jury after trial to stop lawsuits against the United Way.

7. Did you testify at the trial?
   Yes ■ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ■ No ☐ Note: All appeals "fixed" by state and federal United Way judges or refused by United Way clerks; now stonewalled by Nancy Pelosi Honest Leadership and Open Government Democrat Cover-up; started by Ohio Lt. Gov. Lee Fisher during President Clinton Commission on Crime, now Hillary Clinton or Barack Obama for President in 2008 :-)

Case 5:07-cv-04058-LRR-JSS Document 1-2 Filed 07/27/07 Page 1 of 23

9. If you did appeal, answer the following:

(a) Name of court Ohio 5th District United Way Court of Appeals

(b) Result AFFIRMED by three conspiring United Way Judges.

(c) Date of result and citation, if known Dec. 20th, 2001

(d) Grounds raised verdict & sentence did not reflect evidence or crime; held under 23hr. lockdown for 10mos. to stop appeals & lawsuits.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court Ohio United Way Supreme Court

(2) Result NO CONSTITUTIONAL QUESTION about RICO court-conspiracy decision by Ohio Supreme Court United Way Chief Justice.

(3) Date of result and citation, if know May 1st, 2002 - NO Constitutional Grounds?

(4) Grounds raised verdict & sentence did not reflect evidence or crime; held under 23hr. lockdown for 10mos. to stop appeals & lawsuits.

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court Ohio Supreme Court State Habeas Corpus

(2) Result Rehnquist died; O'Conner RESIGNED in disgust; petition stonewalled 3 mos.; Bush planted Roberts & Alito (G.H.W. Bush co-conspirators)

(3) Date of result and citation, if know DENIED, Oct. 3rd, 2005 by Roberts on first day

(4) Grounds raised 26 grounds for release; NO warrants, NO due process, how Absolute Judicial Anarchy of United Way caused Iraqi Invasion.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ■ ~~No~~ ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Franklin Co. (Columbus, Ohio) Comm. Pleas & Appellate

(2) Nature of proceeding MANDAMUS for actual criminal history records; FBI & BCI double-fake files redacted 1993 SECRET TRIBUNALS.

(3) Grounds raised Americans have a Constitutional Right to KNOW what United Way tried and convicted them of in SECRET TRIBUNALS.

Petitioner was repeatedly arrested and hunted down by Ohio State Highway Patrol All-Points-Bulletins for United Way; multiple home-invasions & raids; all redacted from records.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
~~Yes ☐~~ No ■

(5) Result Prison United Way Conspirators tell Bush to invade Iraq.

(6) Date of result July 23, 2002; (Appeal AFFIRMED on Mar.25th,2003 ) (before Iraqi Invasion.)

(b) As to any second petition, application or motion give the same information:

(1) Name of court Richland County Court of Common Pleas/ Appellate.

(2) Nature of proceeding State habeas corpi, treble RICO damages, §1983, against United Way Warden, DISMISSED by United Way Judge.

(3) Grounds raised 26 grounds, NO warrants, falsified prison records, falsified double FBI & BCI criminal history records to cover up double-jeopardy and United Way SECRET TRIBUNALS, cruel and unusual punishment for suing United Way, due process, conflicts of interest with Judge sued in 1997 presiding over proceeding.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
~~Yes ☐~~ No ■

(5) Result DISMISSED, typewriter smashed, confiscated legalwork to stop habeas corpus & lawsuits.

(6) Date of result Nov.28th,2003

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ■ ~~No ☐~~
(1) Second petition, etc. Yes ■ ~~No ☐~~

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

United Way Prison Conspirators in mailroom held Ohio Supreme Ct. appeal of Becker v. Ohio State Highway Patrol in mailroom until past jurisdictional filing date; or refused to certify mail so conspiring Ohio Supreme Court United Way Clerks could dismiss without judge.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Petitioner has a Constitutional Right to a FEDERAL Appeal by a three-judge panel of impartial, unbiased Federal Judges.

Supporting FACTS (state *briefly* without citing cases or law) Every Cincinnati 6th Circuit Federal Appellate Judge REFUSED EN BANC to preside or decide the 26 grounds for release, and conspired with clerks and Respondents to fabricate a SHAM legal proceeding without judges long enough for United Way prison staff to assemble a kill-for-hire scheme; using other inmates promised release or parole by United Way Judges or United Way Parole Board Director (now Chief Inspector of DRC--).

B. Ground two: Petitioner has a Constitutional Right to impartial and unbiased Federal Judge in ORIGINAL habeas corpus petition.

Supporting FACTS (state *briefly* without citing cases or law) Judge Donald C. Nugent is not only a United Way Judge, but a "HILLARY FOR PRESIDENT IN 2008" Clinton Conspirator; who denied federal habeas corpus to conceal his own corruption and lack of integrity "fixing" a case against the Clintons and Janet Reno Justice Department which furthered the original G.H.W.Bush presidential cover-up of the Aramony/New Era United Way Debacles used to kidnap children in Holmes County.

C. Ground three: Petitioner has a Constitutional Right to KNOW exactly WHAT United Way SECRET TRIBUNALS arrested, tried and convicted him of.

Supporting FACTS (state *briefly* without citing cases or law) Petitioner has been a FELON since 1993; enhancing and causing his political false-imprisonment with Ohio Bureau of Identification & Investigation cut-n-pasted criminal history records, purposely copied by the FBI on orders of former U.S.Atty.General Ashcroft, President Bush, and former White House Counsel Alberto Gonzales; to further, maintain, and expand the United Way Conspiracy to Invade Iraq with 3,000 DEAD.

D. Ground four: As a political prisoner of the United States of America, petitioner can file successive habeas corpi for each RICO predicate.

Supporting FACTS (state *briefly* without citing cases or law) There has to be three federal judges somewhere in the United States with enough integrity and charactor to uphold the Constitution and U.S.laws, to address Bush and United Way miscarriages of justice, to address the facts, the issues, and merits of this case; HOW MANY helpless other United Way Victims are trapped in prison across the United States by other corrupt United Way Judges, Lawyers, and Prosecutors who suborned United Way perjury and evidence for grant donations?

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: Petitioner had no idea the 6th Circuit Appellate Judges would REFUSE to conduct the business of the Court to protect a corrupt charity and president; and DEMANDS TREBLE RICO MONETARY DAMAGES of previous appellate claims.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ■ ~~No~~ ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

(a) At preliminary hearing Mark S. Shearer, 8193 Avery Rd. Suite #201
Broadview Hts., Ohio 44147

(b) At arraignment and plea Mary A. Kovach, Asst.Pub.Def.Summit Co.Juv.Div.
1013 Key Bldg. 159 Main St.
Akron, Ohio 44308
Mark S. Shearer,



Case 5:07-cv-04058-LRR-JSS Document 1-2 Filed 07/27/07 Page 5 of 23

(c) At trial Robert A. Dixon, 4403 St.Clair Ave., Cleveland, Ohio 44103
Mark S. Shearer, Mary A. Kovach

(d) At sentencing Robert A. Dixon, Mark S. Shearer, Mary A. Kovach

(e) On appeal David L. Doughten, 4403 St.Clair Ave.,Cleve,Ohio 44103

(f) In any post-conviction proceeding Pro Se; Attorneys are helpless and ineffective against corrupt State & Federal Judges "FIXING" cases for United Way.

(g) On appeal from any adverse ruling in a post-conviction proceeding Pro Se; no attorneys needed while United Way Courts complete the object of the conspiracy.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ■ ~~No □~~

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ■ ~~No □~~
(a) If so, give name and location of court which imposed sentence to be served in the future: Unknown because of United Way SECRET TRIBUNALS enhancements of known sentences.

(b) Give date and length of the above sentence: Unknown, petitioner cannot appeal, void, or vacate SECRET TRIBUNALS because courts refuse to admit they exist.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ■ ~~No □~~

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Should Be An Exciting Election?

I declare under penalty of perjury that the foregoing is true and correct. Execute on

Fri. Sept. 29th, 2006 (every Ohio Court)
(date)
Fri. Oct. 20th, 2006 (E.Dist.Mich.)
Mon. July 23, 2007 IOWA

Mr. Jan F. Becker

Signature of Petitioner
Mr. Jan F. Becker, pro se
Political Prisoner #A399-713

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-3816

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
DEC 06 2005
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JAN F. BECKER,<br><br>Petitioner-Appellant,<br><br>v.<br><br>MARGARET BRADSHAW, Warden, formerly known as Margaret Bagley,<br><br>Respondent-Appellee. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

ORDER

Before: NORRIS and BATCHELDER, Circuit Judges; RICE, District Judge.*

Jan F. Becker, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On March 1, 2001, a jury convicted Becker of gross sexual imposition, felonious sexual penetration, and rape. Becker was sentenced to serve a total of thirty years to life in prison. The Ohio Court of Appeals affirmed his convictions on December 20, 2001, and the Ohio Supreme Court dismissed his subsequent appeal on May 1, 2002.

On July 28, 2003, Becker filed a state petition for a writ of habeas corpus. The trial court denied the petition on November 24, 2003, and the Ohio Court of Appeals affirmed the decision on July 13, 2004. The Ohio Supreme Court declined to accept the appeal for review on December 15, 2004. *Becker v. Bradshaw*, 104 Ohio St. 3d 1425 (Ohio 2004).

*The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.



Case 3:07-cv-04058-LRR-JSS Document 1-2 Filed 07/27/07 Page 7 of 23

In his § 2254 petition for a writ of habeas corpus, dated March 19, 2004, Becker asserted twenty-six grounds for relief. The district court dismissed Becker's habeas corpus petition as untimely and declined to issue a certificate of appealability. This court granted a certificate of appealability as to the issue of timeliness and also directed the parties to address whether Becker had exhausted his available state court remedies prior to filing his § 2254 petition.

In his appellate brief, Becker states that his issue for appeal is that "the corrupt clerk converted the appeal into a sham legal process," and he refers the court to an attached "Multidistrict Complaint of Judicial Misconduct by the United States Court of Appeals for the Sixth Circuit, and Federal Judges covering up an active United Way Conspiracy to Invade Iraq." Becker also moves for miscellaneous relief. The State of Ohio has filed a brief and requests oral argument.

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999).

We decline to consider the issue raised in Becker's appellate brief. Twenty-eight U.S.C. § 2253(c)(1)(A) provides that a court of appeals lacks jurisdiction to consider an appeal from a denial of a § 2254 petition unless a judge has issued a certificate of appealability. Additionally, the certificate of appealability must indicate which issues may be reviewed on appeal, and no other issues may be considered by the court of appeals. *See* 28 U.S.C. § 2253(c)(3); *United States v. Bryant*, 246 F.3d 650, 653 (6th Cir. 2001). This court lacks jurisdiction to consider Becker's appeal because the issue raised in his brief falls outside the scope of the certificate of appealability.

Accordingly, we deny the request for oral argument, we deny all pending motions, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Every judge refused EN BANC to preside on this appeal, waiting for President Bush to have the petitioner killed-for-hire in a **Secret United Way** Gulag.

ENTERED BY ORDER OF THE COURT

[signature]
Clerk

No. 041 0435

IN THE

SUPREME COURT OF THE UNITED STATES

Mr. Jan F. Becker, pro se
Political Prisoner #A399-713 — PETITIONER
(Your Name)

Supreme Court, U.S.
FILED
MAR 15 2005
OFFICE OF THE CLERK

VS.

Bradshaw, G.W.Bush & Kerry, et al. — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

The Ohio Supreme Court

(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

State Habeas Corpus and Treble State RICO Damages
PETITION FOR WRIT OF CERTIORARI

Mr. Jan F. Becker, pro se
(Your Name)

Mansfield Correctional Institution
1150 North Main Street, P.O.Box 788
(Address) email: jfb399713@yahoo.com

Mansfield, Ohio 44901
(City, State, Zip Code)

(419) 526-2000
(Phone Number)

IN RE: The United Way RICO Conspiracy to Invade Iraq.

fuges to circumvent its purposes. 1934, 37 Op.Atty.Gen. 505.

6. **Credit sales**

Credit sales of agricultural commodities to nations in default of their obligations to the United States are not loans prohibited by this section if the credit extended is within the range of that commonly encountered in export sales of such commodities. 1963, 42 Op.Atty. Gen., October 9.

7. **Renewal or adjustment of indebtedness**

The acceptance by American bondholders of scrip or funding bonds issued by the German government or the Conversion Office for German Foreign Debts in liquidation of interest coupons on bonds of German States, municipalities, and corporations was not forbidden by former § 804a of Title 31 [now this section]. 1934, 37 Op.Atty.Gen. 526.

Under former § 804a of Title 31 [now this section] "scrip" or "funding bonds" were authorized if issued in the bona fide "renewal or adjustment of existing indebtedness". 1934, 37 Op.Atty.Gen. 505.

Bonds, securities, or other obligations issued for the purpose of renewing or adjusting existing indebtedness were excepted from the prohibitions of former § 804a of Title 31 [now this section], but it would be a question of fact in each case whether or not what was done amounts in good faith to the mere "renewal * * * of existing indebtedness". 1934, 37 Op. Atty.Gen. 505.

8. **Token payments**

Former § 804a of Title 31 [now this section] excluded as a "default" such partial failure theretofore occurring as resulted from making and acceptance of so-called "token payments", and if a government which made such a payment had paid full amount of next installment due on its indebtedness to United States, it would not have been "in default", within meaning of term as used in former § 804a of Title 31 [now this section]. 1934, 38 Op.Atty.Gen. 580.

Great Britain, Czechoslovakia, Italy, Latvia, and Lithuania, countries which had made so-called token payments, were not, at the time of the opinion, in default under the terms of former § 804a of Title 31 [now this section]; and it was also determined that Canada was not in default. 1934, 37 Op.Atty.Gen. 505.

9. **Cancellation of indebtedness**

Proposed treaty with Nicaragua providing for cancellation of its indebtedness to the United States in part satisfaction of its claim against the United States and for payment of the balance will, upon ratification, remove that government from the operation of former § 804a of Title 31 [now this section]. 1938, 39 Op.Atty. Gen. 151.

## § 956. Conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country

**(a)(1)** Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2).

**(2)** The punishment for an offense under subsection (a)(1) of this section is—

**(A)** imprisonment for any term of years or for life if the offense is conspiracy to murder or kidnap; and





**(B)** imprisonment for not more than 35 years if the offense is conspiracy to maim.

**(b)** Whoever, within the jurisdiction of the United States, conspires with one or more persons, regardless of where such other person or persons are located, to damage or destroy specific property situated within a foreign country and belonging to a foreign government or to any political subdivision thereof with which the United States is at peace, or any railroad, canal, bridge, airport, airfield, or other public utility, public conveyance, or public structure, or any religious, educational, or cultural property so situated, shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be imprisoned not more than 25 years.

(June 25, 1948, c. 645, 62 Stat. 744; Sept. 13, 1994, Pub.L. 103–322, Title XXXIII, § 330016(1)(K), 108 Stat. 2147; Apr. 24, 1996, Pub.L. 104–132, Title VII, § 704(a), 110 Stat. 1294.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts.** Based on § 234 of Title 22, U.S.C., 1940 ed., Foreign Relations and Intercourse (June 15, 1917, c. 30, Title VIII, § 5, 40 Stat. 226).

**1994 Acts.** House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**1996 Acts.** Senate Report No. 104–179 and House Conference Report No. 104–518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**Amendments**

**1996 Amendments.** Pub.L. 104–132, § 704(a), restructured section generally and, as so restructured, substituted provisions relating to conspiracies to injure persons or damage property in a foreign country for provisions relating to conspiracies to injure property of a foreign government and requiring any indictment or information under the section to describe the specific property involved.

**1994 Amendments.** Pub.L. 103–322 § 330016(1)(K), substituted "under this title" for "not more than $5,000" wherever appearing.

**Canal Zone**

Applicability of section to Canal Zone see § 14 of this title.

### CROSS REFERENCES

"Federal crime of terrorism" defined as in this section for purposes of acts of terrorism transcending national boundaries, see 18 USCA § 2332b.

Jurisdiction of offenses, see 18 USCA § 3241.

Letters, writings, etc., in violation of this section as nonmailable, see 18 USCA § 1717.

### LIBRARY REFERENCES

**American Digest System**

Conspiracy ⟹30.

**Encyclopedias**

Conspiracy, see C.J.S. § 65 et seq.

Handling the Defense in a Conspiracy Prosecution, 20 Am Jur Trials p. 356.

**Law Review and Journal Commentaries**

A national security workshop: Separation of powers in foreign policy: Do we have an "Imperial Congress"? R. Friedman et seq., 11 Geo.Mason U.L.Rev. 6[illegible] (1988).



Case 5:07-cv-04058-LRR-JSS Document 1-2 Filed 07/27/07 Page 10 of 23

Case 5:07-cv-04058-LRR-JSS Document 1-2 Filed 07/27/07 Page 11 of 23



## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

**At peace** 3
**Constitutionality** 1
**Discovery and inspection** 7
**Government interests** 2
**Indictment** 5
**Lack of prosecutions** 6
**Offenses** 4
**Weight and sufficiency of evidence** 8

---

**1. Constitutionality**

Hypothetical cases such as crises involving North Korea, Communist China, Dominican Republic, Cuba, Haiti, Guatemala, North Vietnam, and the Soviet Union did not demonstrate that this section was unconstitutionally vague to defendants charged with conspiring in United States to destroy railroad bridge in Republic of Zambia so that defendants might profit from ensuing copper shortage. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

This section is not unconstitutionally vague. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

**2. Government interests**

Conspiracy to launder money can also constitute aiding and abetting conspiracy to sell cocaine. U.S. v. Otis, C.A.9 (Cal.) 1997, 127 F.3d 829, certiorari denied 118 S.Ct. 1400, 140 L.Ed.2d 657, certiorari denied 119 S.Ct. 1590, 143 L.Ed.2d 683, certiorari denied 119 S.Ct. 2034, 143 L.Ed.2d 1043.

Prevention of destruction of railroad bridge in Republic of Zambia and prosecution of persons conspiring in United States to destroy the bridge was within legitimate interests of United States government, if only to show complete lack of official complicity. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

**3. At peace**

The words "at peace", in this section proscribing conspiracies by persons within jurisdiction of United States to injure or destroy specific property situated within foreign country at peace with United States and the section as a whole, convey definite warnings as to proscribed conduct when measured by common understanding and practices. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

**4. Offenses**

Even if substantive offense of destruction of railroad bridge in Zambia could not be punished by United States, formation in United States of conspiracy to do so could be punished without violation of due process. U. S. v. Elliott, S.D.N.Y. 1967, 266 F.Supp. 318.

A conspiracy to destroy property belonging to a foreign government is punishable as a crime. U.S. v. Peace Information Center, D.C.D.C.1951, 97 F.Supp. 255.

**5. Indictment**

Indictment charging defendants with conspiracy to injure property of foreign government alleged with sufficient specificity property that defendants conspired to injure in alleging number, class, and location of targeted British helicopters; it was not necessary that indictment identify each individual helicopter, which defendants did not even do themselves. U.S. v. Johnson, C.A.1 (Mass.) 1991, 952 F.2d 565, rehearing denied, certiorari denied 113 S.Ct. 58, 506 U.S. 816, 121 L.Ed.2d 27.

Indictment alleging that defendants conspired to injure and destroy British military helicopters that specified number, class, and location of helicopters was sufficiently particular to satisfy requirement of statute proscribing conspiracy to injure property of foreign government that specific property which it was object of conspiracy to injure to destroy be described; the indictment was not required to identify specific British army helicopters by serial numbers or by their specific location at specific time. U.S. v. Johnson, D.Mass.1990, 738 F.Supp. 591, affirmed 952 F.2d 565, rehearing denied, certiorari denied 113 S.Ct. 58, 506 U.S. 816, 121 L.Ed.2d 27.

Confusion allegedly stemming from newspaper accounts or confusion in quashed indictment as to bridge involved in alleged conspiracy of persons within jurisdiction of United States to destroy railroad bridge in Republic of Zambia





was irrelevant to validity of superseding indictment specifying the bridge. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

**6. Lack of prosecutions**

Lack of prosecutions since promulgation of this section did not render this section void because of desuetude, and the argument that no others had been prosecuted under this section raised no constitutional question of equal protection in view of the prevailing system of prosecutorial discretion. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

That this section had apparently been invoked against no one except defendants charged with conspiring in United States to destroy railroad bridge in Republic of Zambia in order to profit from ensuing copper shortage did not demonstrate deprivation of right of defendants to equal protection in absence of evidence that other conspirators motivated by desire for financial had gone unprosecuted or that evil motive caused discriminatory application of this section. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

**7. Discovery and inspection**

Confusion allegedly stemming from newspaper accounts or confusion in quashed indictment as to bridge involved in alleged conspiracy of persons within jurisdiction of United States to destroy railroad bridge in Republic of Zambia did not entitle defendants to examination of grand jury minutes. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

Defendants charged with conspiracy to destroy bridge in Republic of Zambia were entitled to indication as to whether any eavesdropping by wire interception, electronics, or other mechanical device or human being had been used in precharge or preindictment investigation. U. S. v. Elliott, S.D.N.Y.1967, 266 F.Supp. 318.

**8. Weight and sufficiency of evidence**

Evidence that defendants sought to destroy class of British military helicopters stationed in particular location was sufficient to support their convictions of conspiracy to injure property of foreign government. U.S. v. Johnson, C.A.1 (Mass.) 1991, 952 F.2d 565, rehearing denied, certiorari denied 113 S.Ct. 58, 506 U.S. 816, 121 L.Ed.2d 27.

## § 957. Possession of property in aid of foreign government

Whoever, in aid of any foreign government, knowingly and willfully possesses or controls any property or papers used or designed or intended for use in violating any penal statute, or any of the rights or obligations of the United States under any treaty or the law of nations, shall be fined under this title or imprisoned not more than ten years, or both.

(June 25, 1948, c. 645, 62 Stat. 745; Sept. 13, 1994, Pub.L. 103–322, Title XXXIII, § 330016(1)(H), 108 Stat. 2147.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts.** Based on Title 18, U.S.C., 1940 ed., § 98 (June 15, 1917, c. 30, Title XI, § 22, 40 Stat. 230; Mar. 28, 1940, c. 72, § 8, 54 Stat. 80).

Definition of "foreign government" was omitted and is incorporated in § 11 of this title.

Mandatory punishment provision was rephrased in the alternative.

Minor changes were made in phraseology.

**1994 Acts.** House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**Amendments**

**1994 Amendments.** Pub.L. 103–322, § 330016(1)(H), substituted "under this title" for "not more than $1,000".

**Canal Zone**

Applicability of section to Canal Zone, see § 14 of this title.

## Supreme Court of the United States Way
## Office of the Clerk
## Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

October 3, 2005

Mr. Jan F. Becker
Prisoner ID #A399-713
PO Box 788 MANCI
Mansfield, OH 44901

Re: Jan F. Becker
v. Margaret Bradshaw, Warden; G.W.Bush,& J.F.Kerry, et al.
No. 04-10435

IN RE: The United Way RICO
Conspiracy to Invade Iraq.

Dear Mr. Becker:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter

**William K. Suter**, Clerk

28 U.S.Code Section 1254 Note 11. THE FOUR JUSTICE RULE

"A denial of certiorari by the Supreme Court means only that, for one reason or another which is seldom disclosed, and not infrequently for conflicting reasons which have nothing to do with the merits and certainly may have nothing to do with any view of the merits taken by the majority of the court, there were not four members of the court who thought the case should be heard." Poster Exchange, Inc. v. National Screen Services Corporation, 352 F.2d 571 (C.A.5 Ga.) 1966, cert den 87 S.Ct. 323, 385 U.S. 943, 17 L.Ed.2d 227.

No. ____________

~~ORIGINAL ACTION~~

IN THE

SUPREME COURT OF THE UNITED STATES

Mr. Jan F. Becker, pro se
Political Prisoner #A399-713 — PETITIONER
(Your Name)

vs.

Stewart Little Hudson, George W. Bush,
& John A. Boehner, et al. — RESPONDENT(S)
(SUCCESSORS)

ON PETITION FOR A WRIT OF ~~CERTIORARI TO~~ Habeas Corpus from

THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT Case#04-3816
Becker v. Bradshaw, G.W.Bush & John F. Kerry, et al.
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)
IN RE: United States Supreme Court Case #04-10435

PETITION FOR WRIT OF ~~CERTIORARI~~
Habeas Corpus with Treble RICO & §1983 Federal Damages

Mr. Jan F. Becker, pro se
Political Prisoner #A399-713
(Your Name) Mansfield Correctional
Institution Secret United Way Death Gulag
1150 North Main Street, P.O.Box 788
Mansfield, Ohio 44901
(Address) E-mail: jfb399713@yahoo.com
Phone: (419) 526-2000

IN RE: President Bush orders a brutal, violent prisongang killing-for-hire assassination plot of a helpless innocent Ohio political prisoner held without appeal, habeas corpus, or judges; to cover-up the kidnapping of his children and the pre-emptive expanding quagmire of death in the United Way RICO Conspiracy to Invade Iraq.

RECEIVED
SEP 26 2006
OFFICE OF THE CLERK
SUPREME COURT, U.S.

1 -500- -607-

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

September 27, 2006 (Weds.)

Jan Becker
#A399-713
PO Box 788 MANCI
1150 N. Main Street
Mansfield, OH 44901

Petitioner demands $31 million per DAY that this corrupt clerk suspended habeas corpus for the ongoing RICO predicate links in Ohio to further the conspiracy.

Note: Received Mon. Oct. 2nd, 2006; the FIRST DAY of the 2007 term. These issues were addressed in filing already as RICO predicates.

RE: Jan Becker

Dear Mr. Becker:

The above-entitled petition for an extraordinary writ of habeas corpus was received on September 26, 2006. The papers are returned for the following reason(s):

The petition does not show how the writ will be in aid of the Court's appellate jurisdiction, what exceptional circumstances warrant the exercise of the Court's discretionary powers, and why adequate relief cannot be obtained in any other form or from any other court. Rule 20.1.

The petition does not state the reasons for not making application to the district court of the district in which you are held. Rule 20.4(a) pertaining to petitions for writs of habeas corpus.

Sincerely,
William K. Suter, Clerk
By:

S. Elliott
(202) 479-3025




Enclosures

TERMED STREEP
CAT 03

U.S. District Court
Northern District of Ohio (Cleveland)

CIVIL DOCKET FOR CASE #: 99-CV-773

Filed: 04/01/99

Becker v. Clinton, et al
Assigned to: Judge Donald C. Nugent
Demand: $0,000
Lead Docket: None
Dkt# in other court: None

Jury demand: Plaintiff
Nature of Suit: 440
Jurisdiction: US Defendant

Cause: 42:1983 Civil Rights Act

JAN F BECKER
plaintiff

Jan F Becker
(216) 749-2414
[COR LD NTC] [PRO SE]
3433 Broadview Rd.
Cleveland, OH 44109




v.

WILLIAM JEFFERSON CLINTON
defendant

DAVID KENDALL, Attorney for
President Clinton &
Investigative Group
International (United Way of America)
defendant

LANNY BRUER, Special Counsel
to the President
defendant

CHERYL MILLS, Deputy White
House Counsel
defendant

CHARLES RUFF, White House
Counsel
defendant

ROBERT BENNETT
defendant

Hillary & BillClinton & Al Gore conspire with United Way Judge to kill the petitioner; permanently suspending habeas corpus, giving President Bush unlimited time for successive kill-for-hire schemes.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

2004 MAY 18 PM 2:01
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| JAN F. BECKER, | CASE NO. 1:04 CV 601 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | JUDGMENT ENTRY |
| MARGARET BRADSHAW, | |
| Respondent. | |

This Court having contemporaneously filed its Memorandum of Opinion in this case, it is therefore ORDERED that this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

Donald C. Nugent 5/18/04
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

FRANK & ERNEST — BOB THAVES



**Becker verdict**

**Note:** Defense Attorneys are threatened with mistrial, if the jurors should find out that Becker had previously sued Judge White, and the United States Supreme Court had refused to remove judge from case.

The Assistant Prosecutor's brother picks the jurys.

**This "trial" completes the Double Jeopardy. Becker was never told or appeared at the first one, conducted by his Court-Appointed Attorneys and United Way co-conspiritors.**

**Now, all records of the first "trial" documented in the fullest to appear real, must disappear from Beckers Rap Sheet and Criminal History Records.**

The process used by the jury was in error, they were to decide the case on the merits of the evidence, not on the threats of a judge with conflicting interests who tampered with a packed jury.

When they asked what they should do if they were unable to come to a unanimous verdict on some of the counts, the members were instructed of their ability to rule on each count independent of the others.

Shortly before 11 p.m. the jury's request to see the victims' testimony was denied because of the absence of a transcript.

At the same time, they asked if a hung jury was an option. They were encouraged look closely at their individual positions and to try to come to a verdict, and the jury's forewoman said she believed their was a chance the members would be able to reach a verdict.

At 1:15 a.m. the final question was posed and the judge reinstructed the members of the jury on the definition of sexual battery.

Throughout the five-day trial, the first day of which was consumed by jury selection, testimony was heard from many witnesses brought in by the state and the defense.

The three women told the jury of countless occasions of sexual abuse at the hands of Becker. A psychologist reported the women all displayed characteristics consistent with being sexually abused. And, Becker argued the charges against him were filed as part of a conspiracy to deny him visitation with his young children and force abandonment of several civil suits he has filed against Holmes County.

Ironically, the eight charges about which the women testified in the greatest detail were among those of which Becker was acquitted. While the charges spanned a period from 1988 to 1995, all of the charge for which Becker was convicted occurred prior to 1993.

"We respect and accept (the jury's verdict)," said Assistant Prosecutor Steve Knowling. "The jury had a very difficult case, from their perspective, to decide. It is always difficult (to judge the facts) in delayed reporting of sexual abuse cases. (Without physical evidence and eyewitness testimony), it always comes down to the statements of the victims and the defendant, when he takes the stand, as he did in this case."

Becker's attorney, Bob Dixon, did not comment at length about the verdict, but said the conviction eventually would be appealed.

A sexual predator hearing and sentencing for Becker have yet

At least two planted jurors still slipped in to influence the others.

White dismisses stenographer, so no records.

White orders his planted jurors not to risk a hung jury and a fourth "trial".

White takes a manila envelope and locks himself in jury room.

White shows jury Taylor v. Ohio, another lawsuit with police informant Juror #4 Defendant.

Jury finds Becker INNOCENT of ALL CHARGES to this point. Signed in pen.

Judge White inflamed and threatened the Jury into thinking they would fall VICTIM of the next Becker lawsuit, they had to PROTECT THEMSELVES by CONVICTION.

White sentences as if second conviction.

3 Life Sentences For United Way...

http://www.the-daily-record.com/past_issues/02_feb/010204dr1.html

White orders United Way Counseling to monitor jury.

Betty D. Montgomery
Attorney General

# OHIO BUREAU OF CRIMINAL IDENTIFICATION & INVESTIGATION

## OFFICE OF THE ATTORNEY GENERAL

Ted Almay
Superintendent

July 9, 2002

Jan F. Becker #399-713
P. O. Box 788
Mansfield, Ohio 44901

RE: Criminal History Record

Dear Mr. Becker,

Please be advised that the BCI number C009412 has been deleted from our files, and all information was combined onto one record. BCI number C055805 is now the record number.

Wilma D. Sigler
*Wilma D. Sigler*
Identification Supervisor

**Note:** To hide 5 false-arrests, the SECRET TRIBUNALS (Pros,Judges,Court-Appt.Attys)
and SECRET TRIBUNAL CONVICTIONS, BCI cut-n-pasted a new CRIMINAL HISTORY RECORD to
delete all but a "Current conviction" under a new BCI number. The FBI was forced
to copy that to maintain false-imprisonmnet. This violation of checks-n-balances
proves multiple lawsuits/false-arrests, since they deleted their very existence!
BOTH BCI#C009412 and FBI#366101JB4 date BACK TO the "LoosePonyConviction" of
1995-1996, even though the first and only entry is now listed as being in 2001!
Holmes Co. and the Ohio State Highway Patrol could NEVER arrest Becker with a
legal warrant! They could not tell him he was a Felon. He was informed of a 1yr.
probation in 1995, but under O.R.C.§2951(A),they could not issue a warrant against
a Felon "serving" 5yrs. probation, and THAT had to be deleted from the records too!
The STING was originally set because Becker lawsuit #5-1994-CV-2294 had stopped
the court-conspiracy, and any prosecution needed to know how Holmes Co. could have
possibly completed the SECRET TRIBUNALS and false-convictions without telling the
Beckers, while exposing new conspirators and increasing liability considerably.
In completing the sham-convictions, Holmes Co. put so much pressure on the
Becker Family that it triggered new chains of the United Way Conspiracy which have
yet to ripen for prosecution, in the interests of Justice in the United States.

STATE OF OHIO ) AFFIDAVIT OF PREVIOUS CASES OF WHICH I AM FULLY AWARE, and JUDICIAL
) SS: JURY TAMPERING. Note: Court-Appointed Attorneys may have initiated
RICHLAND COUNTY ) exparte/inabsentia SECRET TRIBUNALS without my knowledge or consent.

**#1993-CA-36-A** US4thCA Merlo v United Way &Transamerican Occidental Life w/collusive trials by Clinton Attorneys in Pa.(TomRidge)for LaborSec.LizDole,ElaineChao,RedCross,FBI,IRS, and U.S.Treasury in GHWBush Presidential Cover-Up of 1990Aramony/NewEra UnitedWayFEMA debacle.
**#93003** HolmesCoJuvCt Ohio v Beckers 5 children are State-Kidnapped to obtain 170acre farm. Warrantless Raids, exparte court-orders w/o hearings,J.Hines violates caseplan to reunify, divides family into 4 groups to physically remove from farm 1/19/93 **Martin Luther King Day** Children caught between jurisdictions,herd disposal,clerks refuse filings & record access, Multiple United Way Federal Emergency Management Agencys refuse services & falsify records (FEMA now a division of Homeland Security under Tom Ridge) **ALL PARENTAL RIGHTS TERMINATED.**
**#NoCase** CuyCoDomRel J.Russo,Flanagan,Celebrezze,Polito: Clerks refuse to file or docket. Denial of access to courts falsely purports Beckers being "held for trial" in Holmes Jail!
**#D-149878** CuyCoDomRel J.Gallagher. Secret adoption or divorce proceedings by T.Dawson, may have been withdrawn when judge discovered or refused to preside over United Way Kidnapping
**#1994-CA-0497** Holmes5thCA J.Hoffman,Wise,Reader AFFIRM nothing about #93003 or the changed circumstances,best interests,completed 1yr.caseplan or reality;implys divorce/indictments, gave emergency-visitation,parental rights,custody case a 1yr.calender and stalled; refused childrens return,Beckers PAID $15Kback-taxes,NO FORECLOSURE by Prosecutor! **April 1st, 1994** Stonewalled in state courts, under siege by Holmes County, conspiracy caught in own trap!
**#5-1994-CV-2294** AkronUSDC Beckers v Holmes County Human Services,TRICKorTREAT? **Oct.31,1994** J.Dowd,Hemann; Pros/Sheriff,DogWarden,United Way Millersburg Counseling Center,ODOJ&FSgals United Way Residential Support Svcs,CantonDistH&HS,J.Hines,Lee,Strauss. STING set 5/3/1995
**#95-11154-50/51/52/1118719** T.Dawson (above $31mil suit) dies evening before **April 1st,1995** CuyCoProbate gives Family Allotment Withdrawal Restrictions to HolmesCoProbate to control:
**#1995-CRB-250** HolmesCoCt Sheriff v Becker J.Irving(Pros.exwife) Animals at Large § 951.02, CountyJudge appointed TemporaryCommonPleasMagistrate,PoliceChiefJuryForeman,&ClerkWitness, NoAttorney,obtains Felony convictions w/misdemeanor trials,10days jail for multi-BLANK BCI -FBIforms w/prints&signatures,& 1yr.Probation for Complaint after hearing §2151.44 8/10/95
**#1995-CVI-355** Commercial Savings Bank & E.Holmes Vet Clinic v Dorothy Becker J.JaneIrving, Small Claims Court used to obtain unknown Felony pleas from Mrs.Becker from 10/20- 12/6/95
**#1996-CR-91** MentorMuniCt City of Mentor on the Lake v Becker J.Swain(QUIT),Forbes,Trebets: Affiant accidentally arrested on stage during nightclub concert performance, 120mi. out of Holmes Co. w/out-of-state Ohio State Highway Patrol APB LEADS/NCIC but **NO WARRANT!** 1/22/96 UnitedWayLakeCo.Pros&Ct-Appt-Atty,falsified jail records,Court orders return Holmes 3/9/96
**#1996-CA-551** Holmes5thCA Sheriff v Becker REVERSES Animals at Large LoosePonyConviction, & refuses pro se appeal,appoints corrupt $5K attorney for corrupt new trial. (Still Waiting)
**#97-1453** OhSupCt J.Moyer sees NoConstitutionalQuestion w/above 1st,5th,6thAmendViolations.
**#98-AMD-203-7002056013** HolmesCSEA secret DNA test declares Becker child a bastard, to keep child born during Becker marriage out of court, off records. Files whited-out, CAUSES the:
**#1998-CRB-222** HolmesCoCt Becker v Becker J.Irving DIVIDE and CONQUER Protection Order used trying to trigger STING, try to explain SUSPENSION of Affiants RIGHT to bear arms, set-up:
**#1998-DR-039** HolmesCoCommPleas Becker v Becker J.White uses the divorce to attack,provoke& dismantle Becker farm,no attorneys,no visitation,no property Div/Protection,no alimony,ALL motions DENIED. **White ORDERS CHILD-SUPPORT WITHOUT RE-INSTATING RESIDUAL PARENTAL RIGHTS.**
**#NoCase** Cleveland Police arrest Affiant 2 hrs. shown above suit, RELEASED, had **NO WARRANT!**
**#98-DV-064** SEOLS attys push Dorothy into attacking Affiant for domestic violence arrests.
**#98-CA-015** Holmes5thCA Becker v White Stonewalls,refuses J.White removal to trigger STING.
**#98-CRA-027292-A** ClevoMuniCt Cleveland v Becker J.Perk,Calandra: 30 armed ROPES* Team RAID *Ruthlessly Oppressing Philanthropic Enemies Severely... OSHP APB with **NO WARRANT!** 7/17/98 Witnesses & legal materials locked out of court, nolled & dismissed,then Sheriff-kidnapped 75mi.w/o extradition or attorney,incommunicado to trigger STING. **1st Part DOUBLE JEOPARDY**
**#98-3350** AkronUSDC/6thCA conspiring clerks refuse fee, DENY reopen&appeal of #5-94-CV-2294 and forge ORDERS to lure Affiant to Akron for Pros.Maureen O'Connor false-arrest. **10/30/98**
**#NoCase** Affiant accidentally arrested in KnoxCo. w/OSHP APB **NO WARRANT!** Kidnapped Holmes.
**#99CVG-55** Forced by SEOLS&Holmes to EVICT Dorothy & Grandchildren to secure farm, stripped to trigger sting,$17K theft,CrimComplaint against Dorothy manipulated to prosecute Affiant w/his own traumatized, destroyed family; unable to prosecute UnitedWay criminally,he SUES:

#1-1999-CV-733 ClevoUSDC Becker v Clinton J.Nugent,Streepy;Gore,Reno Filed April 1st,1999 Hillary,Bennet,Kendall,Ruff,Bruer,Ken Starr(fmrGHWBushSolicitorGeneral)LegalServicesCorp, United Way of America,Clevo&Mt.VernonPolice,CuyCo&KnoxCoSheriffs,SEOLS;HolmesJ.White,Lee, Ginsburg,Irving,FBI,IRS,U.S.Attys.Mills. DISMISSED by Clinton Judicial Appointee 5/17/99
**#1999-1541 U.S.Supreme Court** Becker v White CERTIORARI DENIED to allow another attempt to trigger the STING, or permanent false-incarceration for United Way. The Court is informed of Gore complicity,setting the stage for JebBush&KathrineHarris "THROWING" 2000 election.
**#1999-3811** US6thCA Becker v Clinton J.Ryan,Boggs,Duggan; AFFIRMED while in jail 6/20/2000
**#2000-CRA-014807** ClevoMuniCt Cleveland v Becker J.Cooney,Zone **#2ndPart** of **Double Jeopardy** 30armedROPES*Team,Ohio State Highway Patrol APB, **NO WARRANT**, Sheriff-KIDNAPPED 75mi. Held incommunicado 4months so above appeal"DISMISSED FOR LACK OF PROSECUTION"to trigger STING. Then falsely-incarcerated for 3 YEARS NOW on this "nolled and dismissed" arrest. 5/5/2000
**#2000-CR-040** Holmes5thCA J.Edwards,Boggins,Hoffman AFFIRM denial of all parental rights.
**#2000-CR-02784-SO** ClevoUSDC Becker v Ohio State Legal Services J.Oliver,Perelman 11/2/02 "Bush Special Interests"set-uparrests,fabricate criminal charges,suspend drivers license, stop credit cards:ClevoBuildingInspectors,MayorMichaelWhite,MartinFlask,SgtMarkHarrisQUIT MBNA-AlLerner(HomelandSecurity)ODOJ&FS,GeneScreenDNAtest,COLDATA,Transunion,NAFPL, SEOLS, LouisFreehQUIT,IndependantCounselRobertRayQUIT,CuyCo&ClevoBarAss,J.Satula,Black,O'Donnell Resnick,Cook,OhAttyGenUnitedWayCrimeVictServices,NationalServiceCorp,AmericorpsAttorneys, 2002UtahOlympicCommittee(1996AtlantaBrianGallagherUnitedWayOlympics)ClintonJudgeDISMISSED
**#2000-CR-040** HolmesCoCommPleas Ohio v Becker J.White tampers w/jury in deliberations, to trigger STING. Brady violations, 2 "packed"jurys,Dr.SuzanneLeSurePerjury. Convicted3/2/01
**#2000-CA-0006** Holmes5thCA J.Edwards,Boggins,Gwin: AFFIRM another United Way Atrocity. The sentences reflect other unknown convictions they must also have presided over. 12/20/2001
**#2001-CA-3004** US6thCA Becker v Ohio State Legal Services J.Siler,Clay,Graham; AFFIRM after 7 months of 23hr.lockdown unable to file to trigger STING. Half Cinci6thCirJustices RESIGN
**#2002-CVH-03-2758** FranklinCoCommPleas Becker v Ohio State Highway Patrol J.Travis gives mandamus one-year case-plan to trigger STING. Filed 3/2/02 FINAL APPEALABLE ORDER 7/23/02 (Under Ohio Law, ONLY the judge who corrupted a case can order the records to resolve it?)
**#2002-CA-177** OhSupCt Ohio v Becker J.Moyer sees no Constitutional grounds to appeal.5/1/02
**#2002-APE-08-918** Franklin10thCA State exrel Becker v Ohio State Highway Patrol J.Tyack and **#2002-APE-08-921**-Dismissed9/17/02 Clerks refused to file appeal in timelimit,sent 2nd,then were forced to file both, DISMISSED by United Way of Central Ohio Judges for their former President Brian Gallagher, now of United Way of America. This denied Constitutional Rights to know WHAT ARRESTED, TRIED, & CONVICTED OF SINCE 1993 with OSHP APBs on NCIC and LEADS. J.Brown,Klatt,Petree "FIXED" appeal after **OSHP Trooper Kevin Smith** grills Becker in prison day of decision since appeal would preclude STING. AFFIRMED 3/25/03 BEFORE **April 1st,2003**
**#2002-L-138** Lake11thCA Mentor-on-the-Lake v Becker J.Christley,O'Neil,Ford Filed: 9/16/02 1996 Delayed Appeal was DISMISSED 1/2/2003 when STING wasn't triggered on **New Years Day!**
**#2003-8233** Cuy8thCA Cleveland v Becker J.Corrigan,Dyke Delayed ROPES*false-arrest appeals. Clerks repeatedly refuse both appeals, then only file ONE. DENIED 2/14/03 **Valentines Day!**
**BUSH INVADES IRAQ** EXACTLY 14days "Pre-Emptive" to STING being triggered on **April 1st,2003**. Bush is STILL explaining this one! Invisible WMDs or his Weapon of Mass Delusion in Ohio?
**#NoCase** OhSupCt Becker v OSHP Clerks held past time limit and returned. 5/1/03 and 5/12/03 Mailroom refused to certify legalmail w/ AFFIDAVIT OF HOW UNITED WAY STARTED THE IRAQ WAR
**#2003-CV-0716-D** RichlandCoCommPleas Becker v Bradshaw etal. J.DeWeese 150pg. Habeas Corpus 26groundsForRelease,CriminalComplaints:Warden&Admin w/FalsifiedDoublePrisonRecords 7/28/03 United Way State of Ohio Combined Charitable Campaign Retaliation&Retribution RAID 14days later:MangledManualTypewriter&ConfiscatedLegalMaterials to trigger sting.$31mil(each) RICO DEMANDS,GrievancesDismissed. Case"FIXED"for United Way by previously sued judge. 11/24/03
**#2003-CV-0177** Richland5thCA Becker v Bradshaw etal TREBLE RICO SANCTIONS! 12/22/03 ~~Pending~~ (Dismissed)

Sworn and subscribed in my presence on this 20th January Tues, 2004.

These are all the cases I have access to on this Martin Luther King Jr. Day,2004.

Notary Public

JOHN O. BABAJIDE
Notary Public State of Ohio
My Certificate Expires May 15, 2006

SEAL

Mr. Jan F. Becker #A399-713 pro se
P.O.Box 788,Mansfield Correctional Inst.
Mansfield, Ohio 44901

## *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 08/16/2005)

[1] UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[2] No. 02-56818

[3] 420 F.3d 897, 2005 Daily Journal D.A.R. 9940, 05 Cal. Daily Op. Serv. 7270, 2005.C09.0003244 http://www.versuslaw.com

[4] August 16, 2005

[5] DAVID DIAZ, PLAINTIFF-APPELLANT, V. DARYL GATES, et al., DEFENDANT-APPELLEES.

[6] Appeal from the United States District Court for the Central District of California. [illegible] District Judge, Presiding. D.C. No. CV-01-06400-GAF

[11] FOR PUBLICATION

[15] Per Curiam Opinion; Concurrence by Judge Reinhardt, Concurrence by Judge Kleinfeld, Concurrence by Judge Berzon, Dissent by Judge Gould [Seven judges voted with the majority and four dissented.]

[16] OPINION

[17] We examine whether a false imprisonment that caused the victim to lose employment and employment opportunities is an injury to "business or property" within the meaning of RICO.

[18] Facts

[19] Diaz claims to be a victim of the Los Angeles Police Department's infamous Rampart scandal. He sued over two hundred people connected with the Los Angeles Police Department (LAPD) or Los Angeles city government under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, alleging that LAPD officers had "fabricated evidence" that he had committed assault with a deadly weapon, and that they had "tampered with witnesses and conspired to obtain [a] false conviction against him." Compl. ¶ 16. As a consequence, Diaz claims, "among other forms of injury, he lost employment, employment opportunities, and the wages and other compensation associated with said business, employment and opportunities, in that [he] was rendered unable to pursue gainful employment while defending himself against unjust charges and while unjustly incarcerated." Compl. [illegible]

[20] Defendants moved to dismiss, arguing, among other things, that Diaz lacked standing because he did not allege an injury to his business or property as required by RICO, see 18 U.S.C. § 1964(c). The district judge agreed and dismissed without prejudice and with leave to amend. Diaz did not amend, and the district judge then dismissed with prejudice. A divided panel of our court affirmed. We took the case en banc.

[21] Analysis

[23] ... [We] decided in *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163 (9th Cir. 2002) ... a class of agricultural [workers] alleged that their employers had depressed their wages by illegally hiring undocumented workers at below-market wages. ... [They] did allege an injury to a property interest, the "legal entitlement to business relations unhampered by schemes prohibited by the RICO predicate statutes." We held this property interest sufficient to provide standing under RICO. Diaz has alleged just such an interference with his business relations.

[31] ... Without a harm to a specific business or property interest – a categorical inquiry typically determined by reference to state law – there is no injury to business or property within the meaning of RICO.

[32] ... [Diaz] has alleged both the property interest and the financial loss. The harms he alleges amount to intentional interference with contract and interference with prospective business relations, both of which are established torts under California law. And his claimed financial loss? He could not fulfill his employment contract or pursue valuable employment opportunities because he was in jail.

[33] ... *Mendoza* speaks generally of a "legal entitlement to business relations." ... California law protects the legal entitlement to both current and prospective contractual relations. ... There may be a practical difference between current and future employment for purposes of RICO – for instance, it may be easier to prove causation or determine damages for a plaintiff who has lost current employment – but this difference is not relevant to whether there was an injury to "business or property."

[34] ... The only requirement for RICO standing is that one be a "person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). And the Supreme Court has already told us that "by reason of" incorporates a proximate cause standard, see *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 265-68 (1992), which is generous enough to include the unintended, though foreseeable, consequences of RICO predicate acts. ...

[35] ... In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985), the Supreme Court ... [determined] "Racketeering activity" is a broad concept, which "consists of no more and no less than commission of a predicate act." *Id.* at 495.

[36] "If the defendant engages in a pattern of racketeering activity in a manner forbidden by these provisions, and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c). There is no room in the statutory language for an additional, amorphous "racketeering injury" requirement." *Id.* at 495.

[38] ... The statute is broad, but that is the statute we have. Were the standard as the dissent claims, we would have the anomalous result that one could be liable under RICO for destroying a business if one aimed a bomb at it, but not if one aimed at the business owner, missed and hit the business by accident, or if one aimed at the

RICO cont. on p. 25

## RICO Applied To "Racketerring" Type Activity Resulting In A Wrongful Conviction

Over 100 convictions based on evidence gathered by the Los Angeles Police Department's Ramparts anti-gang unit were vacated in the several years after it was publicly disclosed in the summer of 1999, that the unit engaged in the wholesale framing of innocent defendants by tactics that included planting weapons on injured but unarmed suspects, and filing false reports based on either fabricated or embellished events. Many of those wrongly convicted people filed a civil suit naming the LAPD, the City of Los Angeles, and responsible parties as a defendant. Over $70 million in damages has been paid to plaintiffs in those suits. (See, Wrongly Convicted Man Crippled By Police Awarded $6.5 Million, *Justice:Denied*, Summer 2005, Issue 29, p. 11)

David Diaz took a different tack. He filed a suit under the federal RICO statute "alleging that LAPD officers had "fabricated evidence" that he had committed assault with a deadly weapon, and that they had "tampered with witnesses and conspired to obtain [a] false conviction" against him." He alleged that the LAPD's activity constituted a pattern of "racketeering activity" actionable under the RICO statute, and for which the LAPD would be liable for treble damages.

The U.S. District Court judge dismissed Diaz's suit after ruling he lacked standing under the RICO statutes. Diaz appealed to the federal Ninth Circuit Court of Appeals. On August 16, 2005 the Ninth Circuit ruled en banc that Diaz had standing to file suit against the LAPD under the RICO statute. This decision potentially has far reaching implications for wrongly convicted persons in the Ninth Circuit, and people in other federal circuits may find it worth considering to pursue a similar course of action in their circuit. Because of its implications, *Justice:Denied* is publishing a 2,000 word condensed version of the 11,000 word decision from which the reader can understand the gist of the Court's reasoning. Excerpts from Judge Kleinfeld's concurring opinion are also included. The full decision is available for free downloading or printing at: http://justicedenied.org/cases/diaz.htm

RICO cont. from p. 24

business owner who happened to be in the business at the time.

[40] We do not hold that plaintiffs may never recover under RICO for the loss of employment opportunities. We merely hold that the appellants cannot recover under RICO for those pecuniary losses that are most properly understood as part of a personal injury claim.

[41] … Diaz suffered two types of injuries: (1) the personal injury of false imprisonment and (2) the property injury of interference with current or prospective contractual relations. Treating the two as separate, and denying recovery for the first but letting the suit go forward on the second, is both analytically cleaner and truer to the language of the statute.

[42] … If Diaz properly alleges that his injuries were "by reason of a violation of section 1962," there is nothing to prevent him from "su[ing] therefor." See 18 U.S.C. § 1964(c). Diaz's complaint tracks the language of section 1962, which makes it illegal to, among other things, "acquire" or maintain control of an "enterprise," or conduct or participate in its affairs, through a "pattern of racketeering activity." …

[44] … We may not know precisely what type of employment Diaz alleges to have lost, but we know that Diaz alleges that his lost employment is an injury to a property interest as defined by state law. …

[45] LAPD and various subdivisions are "enterprises" within the meaning of 18 U.S.C. § 1961(4). … And he alleges acts that seem to fall within the definition of "racketeering activity," 18 U.S.C. § 1961(1), and seem to form a "pattern," id. § 1961(5).

[46] Whether these allegations of section 1962 violations are adequate is a matter on which we express no view. … Now that we have set aside the district court's ruling as to standing, the district judge should, if he wishes to reinstate the order of dismissal, identify the specific deficiencies in a supplementary order, and plaintiff should then be given an opportunity to amend his complaint accordingly.

[47] REVERSED AND REMANDED.

[50] KLEINFELD, Circuit Judge, … concurring:

[53] The RICO statute tells us what kinds of injuries give rise to RICO claims. … The section stating what gives rise to a claim, section 1964, says "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court." …

[54] Section 1962, which section 1964 tells us defines the violations giving rise to civil claims, says "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

[59] Murder or kidnapping can cause injury to business or property, as well as personal injury. Suppose America suffered the frequent kidnapping for ransom of business executives that some countries do. If the business pays the ransom, it has been injured by the kidnapping. Or imagine that a person whom a business needs to function is murdered – perhaps a medical researcher who employs himself through an incorporated laboratory and obtains millions of dollars in research grants and contracts, and employs dozens of other people. The murder may well destroy the business, make it unable to pay its debts, and put all the employees out of work, giving them claims against the business for breach of their employment contracts. The laboratory corporation is a "person injured in his business" "by reason of" a section 1962 violation – murder. In these hypotheticals, I assume, of course, that a racketeering enterprise committed the wrongful conduct and that the section 1962 conduct caused the harm. The significance of the hypothetical cases is to illustrate that section 1962 personal injuries, such as murder and kidnapping, may indeed give rise to "injury to business or property" under section 1964.

[60] Diaz's claim to be a "person injured in his business or property" is more tenuous than the victims' claims in these hypothetical cases, but sufficient nonetheless. He pleads that, as a result of the putative RICO wrong, he lost the chance to get employment because he was in jail or absorbed with defending himself against the criminal charges he claims were the fraudulent result of police racketeering. That states a claim that he was "injured in his business."

[61] A person does not have to wear a suit and tie to be engaged in "business." A salaried employee might or might not, in ordinary speech, be characterized as a "businessman," but a sole proprietor of a service business unquestionably runs a "business." For example, the owner of "AAA Snowplowing" is a businessman who owns a service business and makes his living from it when he comes around with a blade on the front of his pickup truck after a snowfall. Dentists and lawyers are also businessmen who own and run businesses. So is a person who stands on a corner and waits to get picked up to do odd jobs as an independent contractor. There is no principled way to sort out who among sole proprietors has a "business" and who does not. They all do.

[63] The manifest statutory purpose of requiring not only injury "by reason of" section 1962 misconduct, but also injury to "business or property," is to exclude claims for other kinds of injuries, even those arising from denoted racketeering conduct. For example, a person who suffered physical injury and mental distress, but no injury to his business or property, on account of racketeering misconduct of the sort denoted in sections 1962 and 1961, could not state a claim upon which relief could be granted under section 1964. …

[65] … Though the RICO statute allows treble damages, the damages it allows, and allows to be trebled, are limited to injury to business or property. That limitation, particularly in light of the limited business and property of a considerable proportion of persons who are arrested, makes section 1983 a more attractive path for relief in most cases …

[66] … [W]ho can hear the word "RICO" without seeing in the mind's eye, Edward G. Robinson, in *Little Caesar*? But the Supreme Court has decided that RICO's statutory language just does not permit the courts to limit it to dishonest businesses that make their money through fraud and extortion. When it was passed, many ascribed to RICO the purpose of facilitating remedies against "mobsters and organized criminals. As the Supreme Court has construed the words of the statute since then, though, there is no way to corral RICO so that it would apply only to "racketeering" as that word may initially have been understood and as it is defined in the dictionary.

# DAILY [illegible] Nev

Vol. 11[illegible]

Saturday, October 7, 2006

## Government argues to uphold warrantless surveillance program

Sat, Oct. 14, 2006 Wooster, Ohio Daily Record

DETROIT (AP) — The Justice Department on Friday asked a federal appeals court to throw out a lower court decision that said the Bush administration's warrantless surveillance program is unconstitutional.

The president has said the program is needed in the war on terrorism. Opponents argue it oversteps constitutional boundaries on free speech, privacy and executive powers.

U.S. District Judge Anna Diggs Taylor in Detroit ruled Aug. 17 that the program violates the rights to free speech and privacy and the separation of powers.

MANCI LEGAL SERVICE DEPT

Domestic Spying For United Way?

Note: Judge Taylor is a corrupt United Way of S.E.Michigan Co-Chair of Community Services Conspirator!

Daily Legal News

## Court allows government to keep surveillance for now

**By DAN SEWELL**
Associated Press Writer

CINCINNATI (AP) — The Bush administration may continue its warrantless surveillance program while it appeals a judge's ruling that the program is unconstitutional, a federal appeals court ruled Wednesday.

The president says the program is needed in the war on terrorism; opponents say it oversteps constitutional boundaries on free speech, privacy and executive powers.

The unanimous ruling by a three-judge panel of the 6th U.S. Circuit Court of Appeals allows the program to continue during the appeal, which could take months.

In their brief order, the judges said they balanced the likelihood of success of an appeal, the potential damage to either side and the public interest.

The American Civil Liberties Union, which filed the lawsuit challenging the program in January, said it hopes for a ruling by the end of the year.

"We are confident that when the 6th Circuit addresses the merits of this case, it will agree that warrantless wiretapping of Americans violates the law and is unconstitutional," Melissa Goodman, an ACLU attorney, said in a news release.

Deputy White House press secretary Dana Perino said the president views the program as critical to preventing terrorist attacks.

"We are pleased to see that it will be allowed to continue while the Court of Appeals examines the trial court's decision, with which we strongly disagree," Perino said.

The appeal on the merits wouldn't necessarily go to the same three-judge panel that granted the stay Wednesday: Julia Smith Gibbons, a Bush appointee; Ronald Lee Gilman, appointed by President Bill Clinton; and Alice M. Batchelder, appointed to the court by President George H.W. Bush.

U.S. District Judge Anna Diggs Taylor in Detroit ruled Aug. 17 that the program, which targets communications between people in the U.S. and people overseas with a suspected link to terrorism, is unconstitutional. She refused Sept. 28 to postpone her ruling during appeals, but gave the government a week to ask the 6th Circuit to halt it from taking effect.

The Justice Department had urged the appeals court to allow it to keep the program in place while it appeals, claiming that the nation faced "potential irreparable harm."

"The country will be more vulnerable to a terrorist attack," the government motion said.

The Justice Department is challenging Taylor's ruling that the effort, which it calls the Terrorist Surveillance Program, violates the rights to free speech and privacy, as well as the separation of powers in the Constitution.

The White House says the surveillance is a key tool in the fight against terrorism and has already helped prevent attacks.

The American Civil Liberties Union filed the suit behalf of journalists, scholars and lawyers who say the program of warrantless wiretaps of phone and Internet communication has made it difficult for them to do their jobs because they believe many of their overseas contacts are likely targets. Many said they had been forced to take

*Surveillance* *Continues on Page 2*

*Surveillance* *Continued from Page 1*

expensive and time-consuming overseas trips because their contacts wouldn't speak openly on the phone or because they didn't want to violate their contacts' confidentiality.

Similar lawsuits challenging the program have been filed by other groups, including in New York and San Francisco. Taylor, appointed by President Jimmy Carter, was the first judge to rule the National Security Agency program unconstitutional. The issue could wind up before the U.S. Supreme Court.

President Bush has said he strongly disagrees with Taylor's August decision, saying those who support her view "simply do not understand the nature of the world in which we live."

"This country of ours is at war," the president said the day after her ruling. "And we must give those whose responsibility it is to protect the United States the tools necessary to protect this country in a time of war."

In her ruling, Taylor said the Bush administration appeared to be saying the president had the "inherent power" to violate laws of Congress.

"There are no hereditary kings in America and no powers not created by the Constitution. So all 'inherent powers' must derive from that Constitution," Taylor wrote in a 43-page opinion. "The public interest is clear, in this matter. It is the upholding of our Constitution."

The ACLU says the 1978 Foreign Intelligence Surveillance Act, which set up a secret court to grant warrants for such surveillance, gave the government enough tools to monitor suspected terrorists.

"Every time the NSA engages in warrantless wiretapping, they are violating the law and the United States Constitution," ACLU attorney Melissa Goodman said last month.

The government says it can't always wait for a court to take action. It says the NSA program is well within the president's authority but proving that would require revealing state secrets.

## Doonesbury

Fri. Sept. 1 2006 NJ

